UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BETTY J. FARIZER,<br><br>Plaintiff,<br>v.<br><br><br>NEW DAY FINANCIAL, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-337-ML<br><br>JURY TRIAL DEMANDED |

**ANSWER TO AMENDED COMPLAINT**

NOW COMES the Defendant New Day Financial, LLC ("Defendant" or "New Day"), by and through its undersigned attorneys Nixon Peabody LLP and Dykema Gossett, LLP, and answers the Amended Complaint on file in this matter as follows:

INTRODUCTION

1. New Day admits that Plaintiff purports to bring this putative class action under the Fair Credit reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") on behalf of herself and residents of Massachusetts and Rhode Island, but denies that Plaintiff has stated a claim against New Day upon which relief can be granted. Defendant New Day further denies any wrongdoing under the FCRA. Except as expressly admitted, Defendant denies the remaining allegations of paragraph 1.

JURISDICTION AND VENUE

2. New Day admits that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Except as expressly admitted, Defendant denies the remaining allegations of paragraph 2.

3. New Day admits that venue is proper. Except as expressly admitted, Defendant denies the remaining allegations of paragraph 3.

## LOCAL RULE 23 CLASS ACTION ALLEGATIONS

4. New Day admits that it is Plaintiff's intention to bring this action as a class action on behalf of a putative class but denies that the class as defined is ascertainable or that this matter is suitable for class treatment.

5. New Day denies the allegations of paragraph 5.

6. New Day denies the allegations of paragraph 6.

7. New Day denies the allegations of paragraph 7.

## PARTIES

8. New Day lacks information or belief sufficient to answer the allegations of paragraph 8, and on that basis, denies them.

9. New Day admits the allegations of paragraph 9, except that as of July 2006, its principal place of business was, and still is, 8171 Maple Lawn Blvd., Suite 300, Fulton, Maryland 20759.

## FACTS

10. New Day denies that the document attached as Exhibit A to the Amended Complaint is a full, complete, or accurate copy of the original of the document sent to Plaintiff New Day lacks information or belief sufficient to answer the remaining allegations of paragraph 10, and on that basis, denies them.

11. New Day denies that the document attached as Exhibit A to the Amended Complaint is a full, complete, or accurate copy of the original of the document sent to Plaintiff. New Day further alleges that the document attached as Exhibit A speaks for itself. New Day has not located the referenced language in Exhibit A, and therefore denies the remaining allegations of paragraph 11.

12. New Day denies that the document attached as Exhibit A to the Amended Complaint is a full, complete, or accurate copy of the original of the document sent to Plaintiff. New Day further alleges that the document attached as Exhibit A speaks for itself. New Day denies the remaining allegations of paragraph 12.

13. New Day admits that, in compliance with the FCRA, New Day obtains consumer reports on individuals who do not initiate transactions with New Day in connection with transactions consisting of a firm offer of credit. Except as expressly admitted, New Day denies the remaining allegations of paragraph 13.

14. New Day admits that, in connection with transactions involving a firm offer of credit as defined under the FCRA, New Day sent letters to individuals, including Plaintiff, based on information in consumer reports, but denies that the document attached as Exhibit A to the Amended Complaint is a full, complete, or accurate copy of the original of the document sent to Plaintiff. Except as expressly admitted, New Day denies the remaining allegations of paragraph 14.

15. New Day lacks information or belief sufficient to answer the allegations of paragraph 15 pertaining to prescreening by "data brokers" or "information brokers," and on that basis denies those allegations. New Day denies the remaining allegations of paragraph 15.

16. New Day denies that the document attached as Exhibit A to the Amended Complaint is a full, complete, or accurate copy of the original of any document created or mailed by New Day. New Day denies the remaining allegations of paragraph 16.

17. New Day denies that the document attached as Exhibit A to the Amended Complaint is a full, complete, or accurate copy of the original of any document created or mailed by New Day. Except as expressly denied, New Day admits the remaining allegations of paragraph 17.

18. New Day admits that, after prescreening, it uses the mails in connection with a transaction consisting of a firm offer of credit. New Day denies that the document attached as Exhibit A to the Amended Complaint is a full, complete, or accurate copy of the original of any document created or mailed by New Day. New Day denies the remaining allegations of paragraph 18.

19. Admit.

20. New Day admits that, in connection with transactions involving a firm offer of credit as defined under the FCRA, New Day sent letters to individuals based on information in consumer reports, but denies that the document attached as Exhibit A to the Amended Complaint is a full, complete, or accurate copy of the original of any document created or mailed by New Day. Except as expressly admitted, New Day denies the remaining allegations of paragraph 20.

21. New Day admits that, in connection with transactions involving a firm offer of credit as defined under the FCRA, New Day sent letters to individuals residing in Massachusetts and Rhode Island based on information in consumer reports, but denies that the document attached as Exhibit A to the Amended Complaint is a full, complete, or accurate copy of the original of any document created or mailed by New Day. Except as expressly admitted, New Day denies the remaining allegations of paragraph 21.

22. New Day admits that, in compliance with FCRA, it prescreens without the formal knowledge or consent of consumers, since no such knowledge or consent is required. 15 U.S.C. § 1681b. Except as expressly admitted, New Day denies the remaining allegations of paragraph 22.

23. New Day admits that, in compliance with FCRA, it prescreens without the formal knowledge or consent of consumers, since no such knowledge or consent is required. 15 U.S.C. § 1681b. Except as expressly admitted, New Day denies the remaining allegations of paragraph 23.

24. New Day lacks information or belief sufficient to answer the allegations of paragraph 24, and on that basis, denies them.

25. Paragraph 25 states a legal conclusion for which no answer is required. To the extent an answer is deemed required, New Day admits the contents of 15 U.S.C. § 1681a(d), but denies that it violated any provision thereof.

26. Paragraph 26 contains legal conclusions for which no answer is required. To the extent an answer is deemed required, New Day admits the contents of 15 U.S.C. § 1681a(f), but denies that it violated any provision thereof.

27. Paragraph 27 contains legal conclusions for which no answer is required. To the extent an answer is deemed required, New Day denies that this allegation accurately reflects the language or legal effect of the FCRA, including 15 U.S.C. § 1681b.

28. Paragraph 28 contains legal conclusions for which no answer is required. To the extent an answer is deemed required, New Day denies that this allegation accurately reflects the language or legal effect of the FCRA.

29. Paragraph 29 contains legal conclusions for which no answer is required. To the extent an answer is deemed required, New Day denies that this allegation accurately reflects the language or legal effect of the FCRA.

30. New Day denies the allegations of paragraph 30.

31. New Day denies the allegations of paragraph 31.

## VIOLATION ALLEGED

32. New Day denies the allegations of paragraph 32.

33. New Day denies the allegations of paragraph 33.

34. Paragraph 34 contains legal conclusions for which no answer is required. To the extent an answer is deemed required, New Day denies that this allegation accurately reflects the language or legal effect of the FCRA, including 15 U.S.C. § 1681n.

35. Paragraph 35 contains legal conclusions for which no answer is required. To the extent an answer is deemed required, New Day admits solely the provisions of 15 U.S.C. § 1681p, but denies that it violated any provision thereof.

## CLASS ALLEGATIONS

36. New Day admits that it is Plaintiff's intention to bring this action as a class action on behalf of a putative class but denies that the class as defined is ascertainable or that this matter is suitable for class treatment. Except as expressly admitted, New Day denies the remaining allegations of paragraph 36.

37. New Day admits that Exhibit A speaks for itself, but denies the document attached as Exhibit A to the Amended Complaint is a full, complete, or accurate copy of the

original of any document created or mailed by New Day. Except as expressly admitted, New Day denies the remaining allegations of paragraph 37.

38. New Day denies the allegations of paragraph 38.

39. New Day denies the allegations of paragraph 39.

40. New Day denies the allegations of paragraph 40.

41. New Day denies the allegations of paragraph 41.

42. New Day denies the allegations of paragraph 42.

43. New Day denies the allegations of paragraph 43.

## AFFIRMATIVE DEFENSES

Further answering the Amended Complaint, and as additional defenses thereto, New Day asserts the following affirmative defenses, without assuming the burden of proof where such burden is otherwise on Plaintiff as a matter of applicable substantive or procedural law:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The Amended Complaint, and each claim for relief asserted therein, fails to state a claim against New Day upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Permissible Purpose)

2. New Day had a permissible purpose under FCRA to the extent that the overall transaction consists of a firm offer of credit.

### THIRD AFFIRMATIVE DEFENSE

(Excessive Damages)

3. Any award of punitive or statutory damages would violate, *inter alia*, the Fourteenth Amendment to the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

(Reservation of Additional Defenses)

4. New Day does not presently possess all the facts covering Plaintiff's conduct sufficient to state all defenses at this time. New Day will seek leave to amend this Answer if it discovers facts demonstrating the existence of additional defenses.

WHEREFORE, New Day prays for judgment as follows:

1. That Plaintiff takes nothing by reason of her Amended Complaint;

2. That New Day be awarded its reasonable costs of suit incurred herein;

3. That New Day be awarded attorneys' fees and costs from Plaintiff and her law firm, pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b); and

4. For such other and further relief as to this Court seems just and proper.

Respectfully submitted,

NEW DAY FINANCIAL, LLC
By its Attorneys,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
E-mail: JBrenner@nixonpeabody.com

Dated: September 28, 2006

J. Kevin Snyder (admitted *pro hac vice*)
Richard E. Gottlieb (admitted *pro hac vice*)
Naomi A. Carry (admitted *pro hac vice*)
DYKEMA GOSSETT, LLP
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Tel: (213) 457-1800
Fax: (213) 457-1850

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within Answer to Amended Complaint was forwarded via electronic mail to Christopher M. Lefebvre at (Clbankrupt@aol.com) and via regular mail, postage prepaid to Daniel A. Edelman, Esq., Edelman, Combs, Latturner & Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, IL 60603 on this 28th day of September, 2006.

/s/ Jeffrey S. Brenner