**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BETTY J. FARIZER, | ) | |
| | ) | 06-337-ML |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEW DAY FINANCIAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RULE 16 STATEMENT SUMMARIZING FACTS**
**OF THE CASE AND IDENTIFYING LEGAL ISSUES**

Plaintiff Betty Farizer received a pre-screened purported home equity debt consolidation offer from Defendant New Day Financial, LLC, ("New Day") sometime prior to August 31, 2006. The mailing stated that it was sent to Plaintiff because "[i]nformation from a credit bureau was used in connection with this offer. You received this offer because we believe you satisfy our criteria for creditworthiness." Plaintiff's Amended Complaint alleges that the pre-screened offer violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

The FCRA permits the accessing and use of a consumer's credit report only for certain "permissible purposes," including, as pertinent to this matter, the extension of a "firm offer of credit" as defined by § 1681a. Plaintiff alleges that New Day violated § 1681b by certifying to a consumer reporting agency that a "permissible purpose" existed for causing to be obtained and using plaintiff's consumer report in connection with the sending of a solicitation which did not constitute a "firm offer of credit" as defined by § 1681a. Plaintiff alleges that this violation was "willful" in violation of § 1681n and she and each class member are entitled to recover statutory damages between $100 to $1,000 per class member.

Plaintiff's chief authorities are the Seventh Circuit's rulings in Cole v. U. S. Capital, 389 F.3d 719 (7th Cir. 2004) and Murray v. GMAC Mortgage Corp., 434 F.3d 984 (7th Cir. 2005). Cole held that a "firm offer of credit" must be a meaningful offer, which cannot be a mere invitation to do business on terms to be further discussed. Id. at 724-28. The basis for the holding was the Court's recognition that "Congress did not intend to allow access to consumer credit information "for catalogs and sales pitches." Id. at 727. The Court also recognized that "Congress apparently believed that people are more willing to reveal personal information in return for guaranteed offers of credit than for catalogs and sales pitches." Id. at 725.

In GMAC Mortgage, the Seventh Circuit reversed a district court's decision denying a Motion for Class Certification in a similar "firm offer of credit" matter. Rejecting the assertion that an ex post, recipient by recipient analysis is required in order to determine whether a "firm offer of credit," had been conveyed, the Court instructed that "a court need only determine "whether the four corners of the offer satisfy the statutory definition (as elaborated in Cole), and whether the terms are honored when consumers accept." 434 F.3d at 956.

Plaintiff alleges that the purported offer (if one exists at all) was a sham, excessively vague and totally lacking in terms. The mailing itself contained none of the important terms and conditions of the purported offer. There was no interest rate, no guaranteed minimum loan amount, down payment, or loan period. Rather, the mailing directed the recipient to submit an application. The language in the mailer itself was highly conditional and actually negated any offer because it stated that:

> You must comply with our additional loan program requirements and pay all applicable loan fees. We will determine the amount of your loan based on information obtained in processing this loan, including, but not limited to, the

> credit bureau information appraisal, verification of income, and equity in your home. All applications are subject to current loan program terms and fees. You will be required to pay for an appraisal. Home equity loans are available in most areas. Some limitations apply.
> (Am. Compl. Ex. A).

Since the decision in GMAC Mortgage, Plaintiff's counsel is not aware of any decisions in which class certification has been denied in a "firm offer of credit" matter. To date, Plaintiff's Chicago co-counsel has achieved class certification in over a dozen similar cases in both Illinois and Indiana.

Finally, Plaintiff alleges that Defendant "willfully" violated the FCRA. Under the FCRA, "to constitute willful noncompliance, a party must have 'knowingly and intentionally committed an act in conscious disregard for the rights of others.'" Stevenson v. TRW, Inc., 987 F.2d 288, 293 (5th Cir. 1993); Richardson v. Fleet Bank, 190 F. Supp.2d 81, 89 (D. Mass. 2001). See also Graziano v. TRW, Inc., 877 F. Supp. 53, 57 (D. Mass. 1995) , 877 F. Supp. at 56(stating that actions showing a "reckless indifference" to plaintiff's rights under the FCRA can also constitute willfulness). Veno v. AT&T Corp., 297 F. Supp. 2d 379, 384 (D. Mass. 2003). If Defendant received advice from counsel regarding compliance with the FCRA and intends upon relying upon such advice as a defense, Plaintiff will request that the Court order any privilege relating to such communications waived.

Respectfully submitted,

/s/Christopher M. Lefebvre
CLAUDE LEFEBVRE
CHRISTOPHER LEFEBVRE, P.C
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
Lefeblaw@aol.com

**CERTIFICATION OF SERVICE**

I hereby certify that on October 31, 2006, I electronically filed the Plaintiff's Rule 16 Statement Summarizing Facts Of The Case And Identifying Legal Issues with the Clerk of the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: Jeffrey Brenner, Esq., J. Kevin Snider (Pro Hac Vice), Richard E. Gottlieb (Pro Hac Vice), and Naomi A. Carry (Pro Hac Vice); and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants: Not Applicable.

/s/ Maria Ferreira