UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BETTY J. FARIZER,<br><br>Plaintiff,<br>V.<br><br><br>NEW DAY FINANCIAL, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-337-ML |

**STIPULATED ORDER FOR PROTECTION OF CONFIDENTIAL MATERIAL**

WHEREAS, Plaintiff has filed this putative class action alleging that Defendant violated certain provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") by, *inter alia*, accessing, obtaining and using the private consumer reports of Plaintiff and of the putative class members for the purpose of sending them "prescreened" offers for mortgage loans, allegedly without a permissible purpose under FCRA;

WHEREAS, the mortgage lending industry in which Defendant operates is highly competitive, in that Defendant and many other mortgage lenders compete for mortgage loan business from the same categories of consumers in the same markets throughout the United States;

WHEREAS, it is anticipated that discovery in this matter may involve the exchange of documents and information regarding numerous aspects of Defendant's confidential business activities and practices in connection with "prescreening" and making firm offers of credit to consumers under FCRA, including, but not limited to, consumer report information pertaining to Plaintiff and members of the class, loans made to members of the class, criteria used to

"prescreen" consumers for firm offer of credit transactions under FCRA, Defendant's business model and strategic business plans, Defendant's marketing strategies, proprietary home loan mortgage products and attributes, the specific features and pricing of Defendant's credit products, and Defendant's credit risk underwriting;

WHEREAS, the above-referenced documents and information to be exchanged in discovery contain and embody private consumer information, or commercially sensitive, trade secrets, or other confidential and proprietary information;

WHEREAS, improper disclosure or use of the categories of documents and information referenced above could violate the privacy rights of the Plaintiff and the putative class members, and could harm Defendant's commercial or competitive interests in the mortgage lending industry and the relevant market place;

NOW, THEREFORE, in order to facilitate the fair and efficient completion of pre-trial discovery while at the same time protecting the respective parties' rights in their private or confidential material and minimizing the need for judicial intervention in the discovery process, Plaintiff Betty J. Farizer ("Farizer") and Defendant New Day Financial, LLC ("New Day"), by and through their respective counsel of record, stipulate and agree to entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

1. "Confidential Information," as used herein, means any information of any type, kind or character that is designated as "Confidential" or "Attorneys' Eyes Only" by any supplying or receiving party, whether it be a document (as the term is defined in Rule 34(a) of the Federal Rules of Civil Procedure), information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or answer to a request to admit, information revealed in a sworn declaration, or otherwise.

2. A party may designate a document or information "Confidential" only if a document or information is believed in good faith to contain a trade secret or other confidential research, development or commercial information of the designating party.

3. A document or information may be designated "Attorneys' Eyes Only" only if the information is "Confidential" and, in addition, is in good faith deemed to be of such a highly sensitive nature that its disclosure to competitors or persons of expertise in the area would reveal significant technical or business advantages or information of the producing or designating party, and which includes subject matter which is believed to be unknown to the opposing party or the employees of the opposing party.

4. No document or information shall be regarded as "Confidential" or "Attorneys' Eyes Only" if it is information that:

a. Is in the public domain at the time of disclosure, as evidenced by a written document;

b. Becomes part of the public domain through no fault or action of the other party, as evidenced by a written document;

c. The receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure and is not otherwise the subject of a separate confidentiality agreement between the parties that restricts its disclosure; or

d. The receiving party lawfully received the information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

5. Any person or party granted access to Confidential Information produced or exchanged in the course of this litigation shall not disclose it, in whole or in part, directly or indirectly, for any purpose except for the preparation and trial of this litigation or as otherwise permitted in accordance with the terms of this Protective Order.

6. Documents formally or informally produced in this litigation may be designated by any party or parties as "Confidential" or "Attorneys' Eyes Only" by marking or otherwise

permanently affixing to the document a stamp stating "Confidential – Subject to Protective Order" or, if appropriate, "Confidential – Subject to Protective Order – Attorneys' Eyes Only." Any such designation shall be affixed to the document so as not to obscure or deface the material or any portion of its contents. Documents so produced shall also bear the name or other indication of the producing party, e.g., "ND" for New Day, or "F" for Farizer. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced. Originals shall be preserved for inspection.

7. Any portion of deposition testimony given in this litigation may be designated by any party as "Confidential" or "Attorneys' Eyes Only" information by (1) indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and subject to the provisions of this Protective Order, or (2) notifying all of the parties in writing, within thirty (30) days of receipt of the transcript, that the testimony (identified by reference to specific pages and lines in the transcript) is "Confidential" or "Attorneys' Eyes Only" and subject to the provisions of this Protective Order. If a confidentiality designation is made at a deposition, counsel for the party whose Confidential Information is to be disclosed or inquired into is responsible for notifying the court reporter to transcribe separately the portion of the testimony during which there is inquiry or reference to Confidential Information. That portion of the deposition during which there may be disclosure of Confidential Information shall be conducted under circumstances such that only the court reporter and persons to whom disclosure may be made under this Protective Order are present, unless otherwise agreed to by the parties in writing or upon the record of the deposition. The court reporter shall mark the transcript with the appropriate confidentiality designation or each party shall attach a copy of the written notice to the face of the transcript and each copy thereof in counsel's possession, custody or control.

8. "Qualified Person," as used herein, means:

a. Counsel of record for the parties in this litigation and employees of such counsel to whom it is necessary that the Confidential Information be shown for the prosecution or defense of the litigation;

b. In-house legal counsel of the receiving party, but only for a purpose related to the prosecution, defense, settlement or other handling of this litigation;

c. Management of the receiving party, but only for a purpose related to the prosecution, defense, settlement or other handling of this litigation;

d. Independent experts, consultants and advisors, and their assistants and staff, employed or retained by counsel of record to perform investigative work, research, analysis, expert testimony and other services necessary to the preparation of this litigation;

e. Deponents or witnesses in court proceedings during the course of their testimony, and to court reporters, notaries and staff; provided, however, such disclosure shall be limited to witnesses who (1) either authored, received, are a source of, or are identified in, the Confidential Information, or (2) it is established are knowledgeable of the Confidential Information prior to the time of their testimony, or (3) are current officers, directors, agents or employees of the party that produced such information or designated it as Confidential Information;

f. Court personnel who, in the course of performing their duties or responsibilities, need to have access to Confidential Information; and

g. Such other persons as hereafter may be designated by stipulation of the parties or by further order of the Court.

9. Confidential Information shall not be disclosed or made available by the receiving party to any person other than a Qualified Person. Confidential Information designated Attorneys' Eyes Only shall not be disclosed or made available by the receiving party to any person other than a Qualified Person described in paragraphs 8(a), (b), (d), (e), (f) or (g).

10. Any party designating any person as a Qualified Person shall have the duty reasonably to ensure that such person observes the terms of this Protective Order. Any person authorized to be given access to Confidential Information pursuant to paragraphs 8(a) (b) or (e) shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and be instructed to comply with the Protective Order. Any person authorized to be given access to

Confidential Information pursuant to paragraphs 8(c) or (d) shall, prior to being given access or disclosure, read this Protective Order and agree in writing to be bound hereby by executing a declaration in the form attached hereto as Exhibit "A". The counsel at whose instance such access or disclosure has been permitted shall retain each such original executed declaration. In the event of a dispute regarding the improper use or disclosure of Confidential Information, the parties hereto will meet and confer in good faith to establish a procedure for the disclosure of the identities of persons to whom access to Confidential Information was permitted (including, but not limited to, executed declarations) while preserving any work product protection or other privileges that may attach to such information. At a minimum, the parties agree that such information shall, on request, be submitted to the Court in camera in connection with any proceeding relating to the potential violation of this Protective Order.

11. Inadvertent failure to designate documents or information as Confidential Information may be remedied by supplemental written notice given by the producing party designating such documents or information. Upon receipt of such notification, all documents, materials or testimony so designated or redesignated shall be subject to this Protective Order as if they had been initially so designated; provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation. Any person or party receiving such notice shall make a reasonable good faith effort to ensure that all analyses, memoranda or notes which were internally generated based on such information shall be treated in conformance with any such supplemental designation or redesignation.

12. In the event of a disclosure of Confidential Information to a person other than a Qualified Person, the party responsible for having made such disclosure shall seek to procure the return of the material immediately upon learning of the disclosure, take reasonable measures promptly to prevent any further unauthorized disclosure of the Confidential Information, and inform counsel for the designating party whose Confidential Information has been disclosed of such disclosure.

13. If any Confidential Information is used in any memorandum, declaration or other paper filed or lodged with the Court, such paper shall be filed under seal with the Court pursuant to applicable Local Rules. Any such papers shall be placed in a sealed envelope or other container marked on the outside with the title of this matter, identification of each document within, and a statement substantially as follows:

> "Confidential Information – Subject to Protective Order. This envelope contains material filed [lodged] under seal for the purpose of this action only. It shall not be opened by a person other than the Court except by Court Order or by written stipulation of all parties filed with the Clerk of this Court, and is otherwise subject to the provisions of the Protective Order entered in this matter on [date]."

14. If, in connection with any motion or other pre-trial proceeding before the Court, a party intends to use or otherwise disclose any Confidential Information without using the procedures identified in Paragraph 13 because such procedure is impractical under the circumstances, counsel for that party shall inform counsel for the party who produced the Confidential Information of the intended use or disclosure. The notice shall be given as soon as practical in advance of the proposed use or disclosure to permit counsel for the producing party to take such action as may be necessary to protect such Confidential Information from improper or unfair disclosure.

15. This Protective Order is intended solely to facilitate the preparation and trial of this action. Nothing herein shall be construed as an admission or agreement by any adverse party that Confidential Information designated hereunder constitutes or contains trade secret, confidential or proprietary material, and the designation of any material as Confidential Information pursuant to this Protective Order shall not constitute an adjudication that such material in fact constitutes or contains any trade secret, confidential or proprietary information. This Protective Order is also without prejudice to the right of any party to bring before the court at any time the question of whether any particular information is or is not relevant to any issue in this case, and such right is hereby expressly reserved. Previous designation of information as

Confidential Information pursuant to this Protective Order shall not be construed as an admission of relevance.

16. A party shall not be obligated to challenge the propriety of a designation as Confidential or Attorneys' Eyes Only at the time made, and a failure to do so shall not preclude a subsequent challenge to a designation. If a party disagrees with or challenges the grounds or basis for the designation of any document or information as Confidential or Attorneys' Eyes Only, that party shall nevertheless treat and protect such document or information in accordance with this Protective Order until all parties have agreed in writing, or an order of the Court has been entered and becomes enforceable, that such challenged Confidential Information may be used or disclosed in a manner different than that specified in this Protective Order. In the event of a disagreement concerning the designation of information as Confidential Information, or if a party challenges the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute regarding a designation is not resolved informally, the party challenging the designation will have the burden to pursue any relief desired, but the party making the designation will have the burden to justify the appropriateness of and/or need for the designation.

17. The inadvertent production of any privileged or attorney work product documents or information shall be without prejudice to any claims that the document is privileged, and shall constitute neither a waiver of any privilege that may otherwise attach thereto nor a general waiver of such privilege. Upon demand of the producing party, all copies of any inadvertently produced document shall be either returned forthwith or be destroyed by the receiving party, with such destruction represented in writing as complete by the receiving party's counsel. The inadvertent production of any privileged or attorney work product documents or information shall not be, by reason of that act, the basis for the introduction of such documents or information into evidence, or make the documents or information subject to production, in this litigation or in any other proceeding.

18. Nothing contained in this Protective Order shall preclude any party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of documents or other information, including, but not limited to, additional restrictions on disclosure to the parties herein.

19. Any party to this matter may, at any time, request the modification or termination of this Protective Order. Such a request may be granted by the Court only after due notice and hearing and upon a showing of good cause.

20. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as Confidential or Attorneys' Eyes Only consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

21. Designation of information as Confidential or Attorneys' Eyes Only shall not prevent either party from use of such information at trial as permitted by the Court.

22. Non-parties, including witnesses, who provide discovery, may invoke all provisions of this Protective Order as to such discovery, provided they agree to be bound by the terms of this Protective Order. All discovery material produced by a non-party and designated Confidential or Attorneys' Eyes Only shall be treated as such in accordance with the terms of this Protective Order.

23. Within ninety (90) days after the final disposition of this matter, counsel for a party may demand in writing that all documents designated by that party as Confidential or Attorneys' Eyes Only (including, without limitation, any copies, extracts or summaries based on the Confidential Information) shall be delivered to the demanding counsel or, at the option of the demanding counsel, shall be destroyed, and each counsel shall, by declaration delivered to all adverse counsel, affirm that all such Confidential Information (including, without limitation, any copies, extracts or summaries) have been returned or destroyed; provided, however, that each counsel shall be entitled to retain pleadings, memoranda, declarations or affidavits, marked exhibits and/or deposition transcripts and videotapes which attach, contain or refer to any

Confidential Information (including, without limitation, any copies, extracts or summaries), to the extent necessary to preserve a litigation file with respect to this matter.

PRESENTED BY:

Plaintiff
BETTY J. FARIZER
By its Attorneys,

Christopher M. Lefebvre (#4019)
CLAUDE F. LEFEBVRE AND
CHRISTOPHER M. LEFEBVRE, P.C.
Two Dexter Street
P.O. Box 479 (Mailing address)
Pawtucket, RI 02860
Tel: (401) 728-6060
Fax: (401) 728-6534
Lefeblaw@aol.com

Daniel A. Edelman (admitted *pro hac vice*)
Cathleen M. Combs (admitted *pro hac vice*)
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 S. LaSalle, 18th Floor
Chicago, Illinois 60603
Tel: (312) 739-4200
Fax: (312) 419-0379
Edelman@edcombs.com
CCombs@edcombs.com

Dated: FEBRUARY 2, 2007

Defendant
NEW DAY FINANCIAL, LLC
By its Attorneys,

Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
JBrenner@nixonpeabody.com

J. Kevin Snyder (admitted *pro hac vice*)
Richard E. Gottlieb (admitted *pro hac vice*)
Naomi A. Carry (admitted *pro hac vice*)
DYKEMA GOSSETT, LLP
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Tel: (213) 457-1800
Fax: (213) 457-1850
KSnyder@dykema.com
RGottlieb@dykema.com
NCarry@dykema.com

Dated: FEBRUARY 2, 2007

Mary M. Lisi, Chief Judge 2/5/07
United States District Court, District of Rhode Island

## CERTIFICATE OF SERVICE

I hereby certify that I mailed a copy of the within Stipulated Order for Protection of Confidential Material to Christopher M. Lefebvre, Esq., Claude F. Lefebvre and Christopher M. Lefebvre, P.C., P.O. Box 479, Pawtucket, RI 02860; and Cathleen M. Combs, Esq., Edelman, Combs, Latturner & Goodwin, LLC, 120 S. LaSalle Street, 18th Floor, Chicago, IL 60603, on this 2nd day of February, 2007.