**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BETTY J. FARIZER, | ) | |
| | ) | C.A. No. 06-337-ML |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEW DAY FINANCIAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff, Betty J. Farizer, respectfully requests that this Honorable Court enter an order determining that this Fair Credit Reporting Act ("FCRA") action may proceed as a class action against Defendant New Day Financial, LLC ("Defendant").

Plaintiff defines the proposed class as (a) all persons with Massachusetts and Rhode Island addresses (b) to whom Defendant sent or caused to be sent material in the form represented by Exhibit A to the Amended Complaint (c) including the dates thereon. Persons who responded to the material and obtained credit as a result of such response are excluded. A response to Exhibit A to the Amended Complaint is not a prerequisite for class membership.

In support of this Motion, Plaintiff states as follows:

## I. Nature of the Case

1. Plaintiff brought this action seeking redress against Defendant for accessing Plaintiff's consumer report and those of numerous other persons without the consent of the subjects of those reports or any lawful reason, in violation of the FCRA, 15 U.S.C. §1681, et seq. Plaintiff seeks statutory damages on behalf of herself and the class, pursuant to 15

U.S.C. § 1681n.

2. Plaintiff Betty Farizer received the solicitation attached to the Amended Complaint as Exhibit A via the United States mail. (Amended Complaint ["Am. Compl."] ¶ 10). Defendant sent or caused to be sent and approved and authorized the dissemination of the solicitation. (Answer to Am. Compl. ¶ 1). Defendant obtained Plaintiff's consumer information from a credit reporting agency. (Id. ¶ 2). The solicitation sent to Plaintiff stated that Defendant had accessed Plaintiff's consumer report in connection with the solicitation. (Am. Compl. Ex. A).

3. In this action, Plaintiff contends that Defendant violated the rights of Plaintiff and each of the residents of all persons with Massachusetts and Rhode Island addresses who were sent mailers in the form of Exhibit A to the Amended Complaint, because the sending of such material did not constitute a permissible reason for accessing a "consumer report" without prior consent.

4. The FCRA, 15 U.S.C. §1681b, provides that it is permissible to obtain or use a consumer report on a consumer only with the written consent of the consumer or for certain "permissible purposes," such as the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, in connection with a business transaction that is initiated by the consumer, or to make a "firm offer of credit." The requester must certify to the consumer reporting agency that such a "permissible purpose" exists. Cole v. U. S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004).

5. This obviously was the basis on which Defendant justified obtaining or using the consumer reports, as Exhibit A to the Amended Complaint purports to contain the

disclosures required by the "firm offer of credit" exception.

6. However, Exhibit A to the Amended Complaint does not qualify as a "firm offer of credit" within the meaning of the FCRA, justifying the obtention or use of a "consumer report" on a consumer, in that the purported offer is vague and totally lacking in terms. It has no value beyond a solicitation for business, the sending of which is not a permissible purpose for accessing a consumer report. Cole, supra. As the Seventh Circuit explained in Cole:

> The statutory scheme of the FCRA makes clear that a "firm offer" must have sufficient value for the consumer to justify the absence of the statutory protection of his privacy. A definition of "firm offer of credit" that does not incorporate the concept of value to the consumer upsets the balance Congress carefully struck between a consumer's interest in privacy and the benefit of a firm offer of credit for all those chosen through the pre-screening process. From the consumer's perspective, an offer of credit without value is the equivalent of an advertisement or solicitation. It is clear that Congress did not intend to allow access to consumer credit information "for catalogs and sales pitches.

Id.; emphasis added.

## II. Class Certification Requirements

7. All of the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

8. Defendant has admitted that the numerosity requirement is satisfied in this case. (Exhibit A, Defendant's Answers, Responses, and Objections to Plaintiff's First Discovery Requests, Response to Interrogatory Request No. 7, at 8). Plaintiff anticipates obtaining the exact number of class members when Defendant responds to Plaintiff's Second Set of Discovery Requests, which are due on March 30, 2007.

9. There are questions of law and fact common to the class, which questions

predominate over any questions affecting only individual class members. The predominant common question is whether obtaining a consumer report for the purpose of transmission of the material in the solicitation attached to the Amended Complaint qualifies under the "firm offer of credit" exception in the FCRA. This raises just one question, whether the solicitation attached to the Amended Complaint was a "firm offer of credit."

10. The only individual question would appear to be the identification of the class members.

11. Plaintiff's claims are typical of those of the putative class members. All are based on the same factual and legal theories.

12. Plaintiff will fairly and adequately represent the class members. Plaintiff understands the claims brought in this case and the responsibilities of a class representative. Plaintiff has retained counsel experienced in bringing class actions and consumer credit claims. (Exhibit B, Declaration of Cathleen M. Combs). Plaintiff's counsel brought the seminal case of Cole, supra, and argued the appeal.

13. A class action is superior for the fair and efficient adjudication of the class members' claims. Many class members may be unaware that they have been victims of the illegal conduct.

14. In further support of this Motion, Plaintiff submits the accompanying Memorandum of Law.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/ Cathleen M. Combs
Cathleen M. Combs (pro hac vice)
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (fax)

s/ Christopher M. Lefebvre
Christopher M. Lefebvre
CLAUDE F. LEFEBVRE AND
CHRISTOPHER M. LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860

P.O. Box 479 (Mailing address)
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (fax)

**CERTIFICATE OF SERVICE**

I, Cathleen M. Combs, do hereby certify that a copy of the preceding document was filed electronically on April 3, 2007. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jeffrey S. Brenner jbrenner@nixonpeabody.com, ProEfile@nixonpeabody.com, mryone@nixonpeabody.com

Naomi A. Carry ncarry@dykema.com

Richard E. Gottlieb rgottlieb@dykema.com, ifrye@dykema.com

J. Kevin Snyder ksnyder@dykema.com

s/ Cathleen M. Combs
Cathleen M. Combs (pro hac vice)

Cathleen M. Combs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60660
(312) 739-4200
(312) 419-0379 (fax)