# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BETTY J. FARIZER,<br><br>Plaintiff,<br><br>v.<br><br>NEW DAY FINANCIAL, LLC,<br><br>Defendant. | No. 06-337-ML |

DEFENDANT'S ANSWERS, RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST DISCOVERY REQUESTS (CLASS)

Defendant New Day Financial, LLC ("New Day"), by its attorneys, and pursuant to Federal and Local Rules of Civil Procedure, answers, responds and objects to Plaintiff's First Discovery Requests (Class) as follows:

GENERAL OBJECTIONS

The following general objections (the "General Objections") are incorporated by reference into New Day's answers and responses to each of Plaintiff's discovery requests:

1. In answering Plaintiff's First Discovery Requests, New Day states that it has conducted a diligent search, reasonable in scope, of those files and records in its possession, custody or control believed to be the most likely to contain information responsive to the discovery herein and has solicited information from those individuals employed by New Day who are likely to have knowledge of such matters. In the event that information or documents responsive to any of Plaintiffs' First Set of Discovery Requests are later identified or brought to New Day's attention, New Day reserves the right to amend and supplement the following

answers to the extent required by the Federal Rules of Civil Procedure, the Local Rules of this Court and any standing orders thereof (collectively, the "Federal Rules").

2. New Day's answers to Plaintiffs' First Discovery Requests shall not constitute an admission by New Day that any of the discovery requests, the answers thereto, or the documents produced in connection therewith are admissible in any trial or other proceeding. New Day specifically reserves the right to object on any ground, at any time, to the admission of any interrogatory or request for admission, any response, or any document produced in connection therewith in any trial or other proceeding.

3. Any responsive documents and things not privileged will be produced as business records in the manner in which they are maintained or categorized by interrogatory number to the extent feasible and will be made available for inspection at the offices of Dykema Gossett, PLLC in Chicago, Illinois, at a mutually convenient time, using procedures permitted by the Federal Rules.

4. The information set forth in these answers is information available to New Day as of the date of this response; however, New Day states that discovery has just begun and New Day expects to discover or develop more or additional materials as this matter progresses. New Day will update its answers as required by the Federal Rules.

5. New Day objects to Plaintiffs' First Discovery Requests to the extent they call for the disclosure of information that is subject to the attorney-client privilege, other privilege (including, but not limited to the joint defense and common interest privileges), the work product doctrine or which otherwise call for a response that would require disclosure of the mental impressions, conclusions or legal theories of its attorneys and/or other representatives concerning

this or any other litigation. New Day will provide a log of such privileged and protected material that pre-dates the commencement of this action.

6. New Day objects to Plaintiffs' First Discovery Requests to the extent that they request information regarding trade secrets, confidential research, or other proprietary or commercial information. New Day objects to providing such trade secrets, confidential research, other proprietary or commercial information and/or any responsive documents until such time as a protective order is entered and approved by the Court.

7. New Day objects to the extent that Plaintiffs' First Discovery Requests are vague, ambiguous, incomprehensible and impossible to answer because of undefined or ill-defined terms, or incorrect factual assumptions, and to the extent they call for information not required to be disclosed pursuant to Federal Rules or the Federal Rules of Evidence.

8. New Day objects to Plaintiffs' First Discovery Requests to the extent they call for documents containing information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

9. New Day objects to Plaintiff's First Requests to the extent they are overly broad, unduly burdensome and/or designed to harass New Day.

10. New Day expressly reserves all objections as to the relevancy, authenticity or admissibility of any information disclosed in responding to Plaintiffs' First Discovery Requests.

11. New Day objects to any directions, definitions or instructions contained in Plaintiffs' First Discovery Requests that seek to impose upon New Day obligations in excess of, or different from, those required by the Federal Rules, including any obligation to supplement answers, or any discovery orders entered by the Court.

12. New Day objects to Plaintiff's First Discovery Requests on the grounds that they are overbroad because they are unlimited as to time. New Day therefore limits its responses herein to those facts, events, or circumstances occurring within two (2) years prior to the commencement of this action.

13. New Day objects to Plaintiff's First Discovery Requests to the extent they call for the disclosure of information that is protected by an individual's constitutional privacy rights.

14. Since this action has just commenced, these answers are based upon information known to New Day as of the time of responding to Plaintiffs' First Discovery Requests. New Day reserves the right to supplement its answers in accordance with the Federal Rules. Defendant New Day Bank, F.S.B. ("New Day"), by its attorneys, and pursuant to Federal and Local Rules of Civil Procedure, files the following answers to plaintiff's First discovery requests:

<u>REQUESTS FOR ADMISSIONS</u>

Subject to and without waiving its General Objections, New Day further answers and objects to Plaintiff's requests for admissions as follows:

1. Defendant sent or caused to be sent to Plaintiff, the documents, copies of which in the form of, or substantially similar form, are attached as <u>Exhibit A</u>.

**ANSWER:** Admitted.

2. Information from plaintiff's consumer report was accessed or used in the process of determining to send Plaintiff the documents, copies of which in the form of, or substantially similar form, are attached as <u>Exhibit A</u>.

**ANSWER:** Admitted.

3. Plaintiff had not authorized Defendant to access Plaintiff's consumer report or the information therein.

**ANSWER:** New Day cannot admit or deny Request No. 3 because it lacks sufficient information or knowledge to form a belief as to the truth or falsity of this request.

4. Defendant obtained the consumer report or consumer report information of Plaintiff and every other person to whom documents, copies of which in the form of, or substantially similar form are attached as Exhibit A, were sent without their written permission.

**ANSWER:** New Day cannot admit or deny Request No. 4 because it lacks sufficient information or knowledge to form a belief as to the truth or falsity of this request.

5. There are more than 1,000 persons with a Massachusetts or Rhode Island address who were sent the mailing, in the form of, or substantially similar form of, the documents, copies of which are attached as Exhibit A, and who did not obtain credit in response thereto.

**ANSWER:** Denied.

6. There are more than 5,000 persons with a Massachusetts or Rhode Island address who were sent the mailing, in the form of, or substantially similar form of, the documents, copies of which are attached as Exhibit A, and who did not obtain credit in response thereto.

**ANSWER:** Denied.

7. There are more than 15,000 persons with a Massachusetts or Rhode Island address who were sent the mailing, in the form of, or substantially similar form of, the documents, copies of which are attached as Exhibit A, and who did not obtain credit in response thereto.

**ANSWER:** Denied.

8. There are more than 50,000 persons with a Massachusetts or Rhode Island address who were sent the mailing, in the form of, or substantially similar form of, the documents, copies of which are attached as Exhibit A, and who did not obtain credit in response thereto.

**ANSWER:** Denied.

9. There are more than 100,000 persons with a Massachusetts or Rhode Island address who were sent the mailing, in the form of, or substantially similar form of, the documents, copies of which are attached as Exhibit A, and who did not obtain credit in response thereto.

**ANSWER:** Denied.

10. Defendant has a net worth exceeding $5 million.

**ANSWER:** Admitted.

11. Defendant has a net worth exceeding $10 million.

ANSWER: Denied.

12. Defendant has a net worth exceeding $50 million.

ANSWER: Denied.

13. Defendant has a net worth exceeding $100 million.

ANSWER: Denied.

## INTERROGATORIES

1. State the name, business and (if individual) home addresses and telephone numbers, title, employer and job description of each individual and entity that authorized, approved, or participated in one or more of the following:

a. Devising or formulating the marketing plan that resulted in the sending of the documents in the form of Exhibit A;

b. Obtaining consumer report information to determine the persons to whom to send the mailings in the form of the documents, copies of which are attached as Exhibit A, were to be sent;

c. Dealing with a consumer reporting agency for the purpose of obtaining information on Plaintiff, or persons including Plaintiff;

d. Providing consumer report information;

e. Drafting the documents in the form of the Exhibit A;

f. Determination of the persons to whom the mailing, in the form of the documents, copies of which are attached as Exhibit A, was to be sent;

g. Reproduction, addressing and mailing of the mailing, in the form of the documents, copies of which are attached as Exhibit A;

h. Tracking and evaluating responses to the mailing, in the form of the documents, copies of which are attached as Exhibit A.

ANSWER: Supplementing its General Objections, New Day objects to this interrogatory on the grounds that it is compound and contains as least five (8) different interrogatories. Without waiving the foregoing and General Objections, New Day identifies the following persons: Robert Shanklin, Senior Vice President Compliance and Secondary Marketing; Kyong Lee, Chief Information Officer; Mark Katz, Chief Marketing Officer; Betsy Sharon, former inhouse

counsel; Robert Posner, Chief Executive; and a third-party vendor, International Business Systems. The individuals identified in the answer to this interrogatory may be contacted through Dykema Gossett PLLC.

2. State the source of the consumer report information used in determining the persons to whom the mailing in the form of the documents attached as Exhibit A were sent, and what that source was told about the purpose for which the consumer report information was obtained.

**ANSWER:** Supplementing its General Objections, New Day further objects to this interrogatory on the grounds: (a) that the undefined phrase "source of the consumer report information" is vague and ambiguous; and (b) the interrogatory is compound, consisting of two separate interrogatories. Subject to and without waiving the foregoing, New Day performed prescreening through: Experian, Equifax, and Trans Union.

3. Describe, step-by-step, the process which resulted in the mailing, copies of which are attached as Exhibit A, being transmitted to Plaintiff, beginning with the date and method of transmission of consumer report information to the person that sent it, *e.g.*, computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission of the mailing in the form of the documents, copies of which are attached as Exhibit A (where and by whom entry made), copies of the mailing, in the form of the documents, copies of which are attached as Exhibit A, with recipient information printed (from where and by whom); material with recipient information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

**ANSWER:** Supplementing its General Objections, New Day objects to this request on the grounds that it is unduly burdensome and seeks information that is neither relevant to the subject matter of any claim or defense in this action nor calculated to lead to the discovery of admissible evidence. New Day also objects to this request because it calls for a narrative discussion, and as such, it is more properly an inquiry to be addressed through deposition testimony.

4. State the specific criteria used to select the persons to receive the offer reflected by the documents, copies of which are attached as Exhibit A, and when they were developed.

**ANSWER:** Subject to its General Objections, if Plaintiff is referring to geographical regions and credit scores that are used in connection with making firm offers of credit, such as that offered in Exhibit A, New Day will produce such prescreening criteria for inspection and copying at a mutually convenient time and place

5. State any additional criteria that persons responding to the mailing, copies of which are attached as Exhibit A, must meet before they will be extended credit, and when they were developed.

**ANSWER:** Supplementing its General Objections, New Day objects to this Interrogatory on the grounds that the undefined term "additional criteria" renders it vague, ambiguous, and unintelligible. Subject to and without waiving the foregoing, New Day's offer was contingent on, among other things: (a) the borrower's satisfaction of New Day's pre-exiting credit criteria, (b) verification of income, and (c) the borrower's home equity.

6. State all the material conditions or underwriting criteria that comprise the credit product offered in the mailing, copies of which are attached as Exhibit A.

**ANSWER:** Subject to its General Objections, and upon entry of a suitable protective order, New Day will produce documents that reflect the terms and conditions and underwriting criteria of the credit that would have been extended to Plaintiff had he responded.

7. State the number of persons with a Massachusetts or Rhode Island address who were sent the mailing, in the form of, or substantially similar form of, the documents, copies of which are attached as Exhibit A, and who did not obtain credit in response thereto.

**ANSWER:** Supplementing its General Objections, New Day objects to this request on the grounds that no class has been certified in this action, and that discovery of the identities of putative class members is premature. Subject to and without waiving the foregoing, New Day admits numerosity. Further answering, and subject to the foregoing, to the extent such information exists, New Day will either produce documents sufficient to identify the number of persons who responded to the offer made in the form nominally represented by Exhibit A and,

due to either (1) the respondent's inability to continue to meet New Day's preexisting criteria, or (2) the respondent's own choice not to pursue the application, were not extended credit.

8. State whether information regarding the location or mailing address of those persons who were sent the mailing, copies of the which are attached as Exhibit A, is retrievable by computer and, if so, each field by which data is searchable or retrievable.

**ANSWER:** Supplementing its General Objections, New Day objects to this Interrogatory on the grounds that the phrase "information regarding the location or mailing address of those persons who were sent the mailing" is vague and ambiguous. If Plaintiff is seeking to know whether New Day maintains a computer file or database with respect to each consumer to whom a document substantially similar to Exhibit A was sent, New Day answers as follows: New Day maintains a computer file and database to track and monitor direct mail programs, but does not keep a file containing information on individual consumers.

9. State the number and name and address of the persons with a Massachusetts or Rhode Island who were sent the mailing, in the form of, or substantially similar form of, the documents, copies of which were attached as Exhibit A, and who did not obtain credit in response thereto.

**ANSWER:** See Answer to Interrogatory No. 7, incorporated here by reference.

10. State the net worth of Defendant and whether its financial statements are audited.

**ANSWER:** Supplementing its General Objections, New Day objects to this Interrogatory to the extent that it uses the undefined term "net worth." Subject to and without waiving the foregoing and General Objections, New Day answers as follows: New Day's approximate net worth is $7 million. Further answering, New Day's financial statements are audited.

11. If your response to any of the requests for admissions is anything other than an unqualified admission, please explain the basis for your denial.

**ANSWER:** Supplementing its General Objections, New Day objects to this Interrogatory on the grounds: (1) that this Interrogatory is an impermissible compound interrogatory that, if

answered, would exceed the number of Interrogatories permitted by Rule 33; and (2) impermissibly seeks, in part, pure legal conclusions.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1. All documents relating to Plaintiff, or which are indexed, filed or retrievable under Plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

**ANSWER:** Subject to and without waiving its General Objections, New Day has conducted a reasonable and diligent search, but has not located any documents other than a copy of the original of Exhibit A responsive to this request within its possession, custody or control.

2. All contracts, agreements and correspondence with any consumer reporting agency, mass mailer, or other person or organization relating to the sending of the documents in the form of the mailing, copies of which are attached as Exhibit A.

**ANSWER:** Supplementing its General Objections, New Day objects to this request: (a) to the extent it seeks to discover contracts, agreements or correspondence other than that related to the mailing of the offer of credit represented by Exhibit A; and (b) on the grounds that it is overly broad and unduly burdensome, and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing and General Objections, and further limiting its response to the prescreened offer of credit sent to Plaintiff, New Day will make available for inspection and copying agreements it has with any consumer reporting agencies or direct mail vendors concerning the use of credit data in connection with any mailing of the original represented by Exhibit A, after entry of a protective order, and after the consumer reporting agencies or direct mail vendors have had an opportunity to object, at a mutually convenient time and place.

3. All documents stating the purpose for obtaining the consumer reporting agency information used to determine the recipients of the mailing, in the form of the documents, copies of which are attached as Exhibit A.

**ANSWER:** Supplementing its General Objections, New Day objects to Request No. 3 on the grounds that: (1) the phrase "stating the purpose for obtaining" is vague and ambiguous; (2) the request is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing and General Objections, to the extent Plaintiff is seeking documents in the nature of contracts or instructions informing someone in the chain of retrieval of the purpose for obtaining Plaintiff's consumer reporting agency information, New Day will make such documents available for inspection and copying upon entry of a suitable protective order at a mutually convenient time and place.

4. The application and all other documents relating to the bulk mail permit used to send the mailing, in the form of the documents, copies of which are attached as Exhibit A.

**ANSWER:** Subject to and without waiving its General Objections, New Day responds as follows: none exist.

5. All manuals, memoranda, instructions, and other documents referring to the documents, copies of which are attached as Exhibit A.

**ANSWER:** Supplementing its General Objections, New Day objects to this request on the grounds that the phrase "referring to the documents" is vague and unintelligible.

6. One copy of each document containing the terms of the offer in the documents, copies of which are attached as Exhibit A.

**ANSWER:** Supplementing it General Objections, New Day objects to this request on the grounds that the undefined phrase "each document containing the terms of the offer" is vague and unintelligible. Subject to and without waiving the foregoing, upon entry of a suitable protective order, New Day will make available sufficient underwriting and marketing documents to identify any additional terms and conditions of the firm offer(s) of credit made in connection therewith.

7. All documents relating to:

a. The marketing plan that resulted in the sending of the mailings in the form of Exhibit A.

b. Obtaining consumer report information to determine the persons to whom the documents in the form of Exhibit A.

c. Dealing with a consumer reporting agency for the purpose of obtaining information on Plaintiff, or persons including Plaintiff;

d. Providing consumer report information;

e. Drafting the documents, copies of which are attached as Exhibit A;

f. Determination of the persons to whom the documents, copies of which are attached as Exhibit A were to be sent;

g. Reproduction, addressing and mailing of the documents, copies of which are attached as Exhibit A;

h. Tracking and evaluating responses to the documents, copies of which are attached as Exhibit A.

ANSWER: Supplementing its General Objections, New Day objects to Request No. 7 on the grounds: (a) that the undefined phrases "marketing plan," "resulting in the sending," "dealing with" and "tracking and evaluating" are vague and ambiguous; and (b) the layout itself of the request renders the request vague and unintelligible. Subject to and without waiving the foregoing, and upon entry of a suitable protective order, New Day will make available any marketing plans prepared in connection with the making of the firm offer(s) of credit represented by the original of Exhibit A, as well as any correspondence with International Business Systems in connection with the making of the firm offer(s) of credit represented by the original of Exhibit A, as well as any non-privileged documents relating to the drafting of the letter represented by Exhibit A.

8. All documents relating to prescreening in connection with the sending of the form of Exhibit A, conducted by or for Defendant.

ANSWER: See Response to Interrogatory No. 4, incorporated here by reference.

9. All documents that reflect or discuss the specific criteria used to select the persons to receive the documents, copies of which are attached as Exhibit A.

**ANSWER:** See Response to Interrogatory No. 4, incorporated here by reference.

10. All documents that reflect or discuss any additional criteria persons sent the documents, copies of which are attached as Exhibit A, must meet in order to get credit.

**ANSWER:** See Response to Interrogatory No. 5, incorporated here by reference. Further answering, and subject to its General Objections, New Day will produce copies of any documents other than Exhibit A that reflect or discuss the additional criteria persons responding to the offer must meet in order to obtain credit.

11. All documents that reflect or discuss the material conditions that comprise the credit product offered in the documents, copies of which are attached as Exhibit A.

**ANSWER:** See Response to Interrogatory No. 6, incorporated here by reference.

12. If the mailing in the form of Exhibit A was printed or mailed by someone other than Defendant, all contracts pursuant to which such printing or mailing was done and all records, invoices and checks (or other payment instruments) relating to such printing or mailing.

**ANSWER:** See Answer to Request to Produce No. 2, incorporated here by reference.

13. All organizational charts of Defendant, including but not limited to those for Defendant's marketing and compliance divisions or departments.

**ANSWER:** Supplementing its General Objections, New Day objects to Request No. 13 on the grounds that the requested information is neither relevant to the subject matter of the claims or defenses of any party nor likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing, and upon entry of a suitable protective order, New Day will produce any organizational charts for the New Day marketing unit that produced the prescreened offer of credit mailed to Plaintiff as well as the legal/compliance divisions that reviewed Exhibit A, at a time mutually convenient to the parties.

14. All insurance policies that may afford coverage with respect to the matters complained of, together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

**ANSWER:** Supplementing its General Objections, New Day objects to this request on the grounds that it is unduly burdensome and seeks information that is neither relevant to the subject matter of any claim or defense in this action nor calculated to lead to the discovery of admissible evidence. Further answering without waiving the foregoing, New Day objects to this request to the extent it seeks discovery of communications with its insurers in connection with this litigation and on the grounds that such communications are protected from discovery under the common interest doctrine. Subject to and without waiving the foregoing, New Day is presently unaware of any insurance that may afford coverage with respect to this action.

15. The complete file, including all computer information, for all persons with a Massachusetts or Rhode Island who were sent the mailing, in the form of, or substantially similar form of, the documents, copies of which are attached as Exhibit A, and who did not obtain credit in response thereto.

**ANSWER:** See Response to Interrogatory No. 7, incorporated here by reference.

16. All documents setting forth Defendant's document destruction and retention policies.

**ANSWER:** Subject to a reasonable investigation, New Day has determined that it has no documents in its possession and control that are responsive to this request.

17. Defendant's annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

**ANSWER:** Supplementing its General Objections, New Day objects to this request on the grounds that it is unduly burdensome and seeks information that is neither relevant to the subject matter of any claim or defense in this action nor calculated to lead to the discovery of admissible evidence.

18. All credit applications or financial statements Defendant issued within the last 3 years.

**ANSWER:** Supplementing its General Objections, New Day objects to this request on the grounds that it is unduly burdensome and seeks information that is neither relevant to the subject

matter of any claim or defense in this action nor calculated to lead to the discovery of admissible evidence.

19. All information submitted by Defendant to Dun & Bradstreet, Fitch, or any other entity which rates the creditworthiness or financial soundness of Defendant or securities relating to Defendant, during the last three years.

**ANSWER:** Supplementing its General Objections, New Day objects to this request on the grounds that it is unduly burdensome and seeks information that is neither relevant to the subject matter of any claim or defense in this action nor calculated to lead to the discovery of admissible evidence.

20. Produce a privilege log for all documents being withheld on such basis.

**ANSWER:** Upon entry of a suitable protective order, New Day will produce a privilege log for all documents being withheld on the basis of privilege or the work product doctrine.

NEW DAY FINANCIAL, LLC

By: Renee L. Zipprich
One of its Attorneys

Richard E. Gottlieb
Naomi A. Carry
Renee L. Zipprich
Dykema Gossett Rooks Pitts PLLC
Attorneys for City of Chicago
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
(312) 876-1700

## VERIFICATION AS TO INTERROGATORIES

Robert Shanklin, Senior Vice President Compliance and Secondary Marketing, New Day Financial, LLC, hereby verifies, under penalty of perjury, that to the best of his knowledge and belief, and after reasonable investigation and review of the documents and information relating to this case, the information contained in the answers to the interrogatories above is complete, true, and correct as of the date of his signature below.

Dated: 2/1/07

By: [signature]
Robert Shanklin

CHICAGO\2279429.1
ID\RLZ

# CERTIFICATE OF SERVICE

I, Irina V. Frye, hereby certify that on **February 1, 2007**, I caused a copy of **New Day Financial, LLC's Answers, Responses and Objections to Plaintiff's First Discovery Requests** to be sent via e-mail and U.S. First Class Mail, with postage prepaid by the hour of 5:00 p.m., upon the following:

Daniel A. Edelman (courtecl@edcombs.com)
Cathleen M. Combs (ccombs@edcombs.com)
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor,
Chicago, IL 60603

Christopher M. Lefebvre (Clbankrupt@aol.com)
Law Offices of Claude Lefebvre & Sons
P.O. Box 479
Pawtucket, RI 02862

Irina Frye

Irina V. Frye