UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BETTY J. FARIZER, Plaintiff, | ) | |
| V. | ) | C.A. No. 06-337-ML |
| | ) | |
| NEW DAY FINANCIAL, LLC, Defendant. | ) | |

**DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE ITS OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, INCLUDING CONDUCTING PLAINTIFF'S PHASE I DISCOVERY DEPOSITION**

Defendant New Day Financial, LLC ("New Day") moves for an order allowing an enlargement of fourteen (14) days from the date of the deposition of Plaintiff in which to file its Opposition to Plaintiff's Motion for Class Certification, and permitting New Day to conduct the Phase I discovery deposition of Plaintiff forthwith, at a mutually convenient date within fourteen (14) days of the entry of such order. New Day relies upon the attached Memorandum in support of its Motion for Enlargement of Time.

Pursuant to Local Rule Cv. 7(e), New Day requests oral argument on this Motion for Enlargement of Time. New Day estimates that the parties' oral arguments would be completed within thirty (30) minutes.

Defendant,
NEW DAY FINANCIAL, LLC,
By its Attorneys,

/s/ Jeffrey S. Brenner
Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
JBrenner@nixonpeabody.com

/s/ Naomi A. Carry
J. Kevin Snyder (admitted *pro hac vice*)
Richard E. Gottlieb (admitted *pro hac vice*)
Naomi A. Carry (admitted *pro hac vice*)
DYKEMA GOSSETT, LLP
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Tel: (213) 457-1800
Fax: (213) 457-1850
Ksnyder@dykema.com
Rgottlieb@dykema.com
Ncarry@dykema.com

Dated: April 16, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, Christopher M. Lefebvre, Esq., at Clbankrupt@aol.com; and Cathleen M. Combs, Esq., at ccombs@edcombs.com, identified on the Notice of Electronic filing (NEF), on this 16th day of April, 2007.

/s/ Jeffrey S. Brenner

CHICAGO\2258103.1
ID\IVF

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BETTY J. FARIZER, Plaintiff, | ) | |
| v. | ) | C.A. No. 06-337-ML |
| NEW DAY FINANCIAL, LLC, Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE ITS OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, INCLUDING CONDUCTING PLAINTIFF'S PHASE I DISCOVERY DEPOSITION**

Defendant New Day Financial, LLC ("New Day") has moved for an enlargement of time to respond to Plaintiff's Motion for Class Certification, including conducting the Phase I discovery deposition of Plaintiff. In support of its Motion for an Enlargement of Time, New Day states as follows:

1. On July 24, 2006, Plaintiff filed this putative class action lawsuit against New Day purporting to allege violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* Plaintiff's counsel from Edelman, Combs, Latturner & Goodwin is counsel of record in hundreds of similar cases alleging violations of the Fair Credit Report Act that are pending throughout the country.

2. On July 31, 2006, Plaintiff filed an Amended Complaint to further specify her allegations, primarily to add an exhibit attachment. New Day did not oppose Plaintiff's effort for Plaintiff to file an Amended Complaint.

3. On November 8, 2006, local counsel and national counsel for the parties appeared before the Court for a Rule 16 scheduling conference. The resulting Scheduling Order (Docket Document 15) ordered that discovery be conducted in two phases for reasons of judicial economy and efficiency. Specifically, Phase I discovery should be directed to the issue of class certification so that the Court may determine as soon as practicable whether this action meets the standards of Fed. R. Civ. P. Rule 23 for class action treatment. Upon completion of

the Phase I discovery, it was contemplated that the issue of class certification would be briefed, heard, and decided. Therefore, the Court would schedule a second scheduling conference to address what discovery, if any, remains in the second phase of discovery and other pre-trial matters. Accordingly, the Court established a deadline for discovery on issues pertaining to class certification on March 8, 2007, a deadline for serving a Motion for Class Certification on March 29, 2007, and a deadline for serving an Opposition to the Motion for Class certification on April 18, 2007.

4. Thereafter, New Day responded to two (2) sets of written discovery propounded by Plaintiff's national counsel.

5. On March 29, 2007, Plaintiff filed a Motion for Class Certification. The Court rejected this Motion because Plaintiff failed to comply with this Court's procedural rules.

6. On April 3, 2007, Plaintiff filed a second Motion for Class Certification which complied with this Court's procedural rules. Again, New Day did not object to the untimely filing of this second Motion.

7. The class certification motion and supporting papers are bare boned. For example, Plaintiff's sole factual support for meeting her burden under Fed. R. Civ. P. Rule 23(a)(4) is the conclusory allegation, unsupported by any testimony, that "Plaintiff understands the obligations of a class representative," and that simply because "both Plaintiff and the class members seek money damages . . . there is no potential for conflicting interests in this action." See Memorandum at 9. Thus, Plaintiff concludes, without factual support, that she will adequately represent the interests of the class. Upon receipt and review of Plaintiff's Motion, it became clear that in order to sufficiently respond to Plaintiff's inadequate claims, New Day needed to conduct a brief deposition of Plaintiff in order to respond to this assertion, and has therefore requested a short enlargement of time from opposing counsel in order to complete the deposition and respond to the motion. (New Day is likewise prepared to advance the costs for an expedited transcript so that relevant portions of the transcript of Plaintiff's deposition may be used as an exhibit to New Day's Opposition to Plaintiff's Motion for Class Certification.)

8. On April 11, 2007, national counsel for New Day contacted Plaintiff's counsel (Edelman, Combs) to request an extension of time in which to respond to the Motion for Class Certification and to schedule Plaintiff's deposition. Although Edelman, Combs was willing to assent to the request, Plaintiff's local counsel (Christopher Lefebvre) refused to assent to this request. Plaintiff notified New Day of this refusal on April 12, 2007, thereby necessitating this Motion for Enlargement of Time.

9. Given the cooperative relationship between counsel on procedural matters in this case and many other cases throughout the country, New Day is surprised that this matter requires judicial intervention. This request is not meant for the purposes of undue delay, but rather, so New Day can properly respond to Plaintiff's Motion for Class Certification. New Day will be severely prejudiced if it is required to file its opposition to Plaintiff's Motion without the benefit of Plaintiff's testimony, because New Day will not be able to examine Plaintiff under oath concerning the conclusory statements in her Motion for Class Certification, including the statements explained above in paragraph 7 of this Memorandum.

## CONCLUSION

Accordingly, New Day requests that the Court: (1) permit New Day to conduct the Phase I discovery deposition of Plaintiff forthwith, at a mutually convenient date within fourteen (14) days of the entry of such order, so that New Day may cite to the transcript from Plaintiff's deposition in its Opposition to Plaintiff's Motion for Class Certification; and (2) allow an enlargement of fourteen (14) days from the date of the deposition of Plaintiff in which to file such Opposition.

Defendant,
NEW DAY FINANCIAL, LLC,
By its Attorneys,

/s/ Jeffrey S. Brenner
Jeffrey S. Brenner (#4369)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
JBrenner@nixonpeabody.com

/s/ Naomi A. Carry
J. Kevin Snyder (admitted *pro hac vice*)
Richard E. Gottlieb (admitted *pro hac vice*)
Naomi A. Carry (admitted *pro hac vice*)
DYKEMA GOSSETT, LLP
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Tel: (213) 457-1800
Fax: (213) 457-1850
Ksnyder@dykema.com
Rgottlieb@dykema.com
Ncarry@dykema.com

Dated: April 16, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, Christopher M. Lefebvre, Esq., at Clbankrupt@aol.com; and Cathleen M. Combs, Esq., at ccombs@edcombs.com, identified on the Notice of Electronic filing (NEF), on this 16th day of April, 2007.

/s/ Jeffrey S. Brenner

CHICAGO\2258103.1
ID\IVF